STATE, WALTER YOUNGSTER, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF PATERSON.

1. It is too late to object to irregularities in the preliminary proceedings for street improvements, where the land owners, with notice of such improvement, have failed to object until after the work is completed and paid for by the city.

2. After such acquiescence, the objections that may be made should relate to the amount and apportionment of the assessment.

3. The act passed April 9th, 1875, (*Laws, p.* 639,) to adjust unpaid assessments in the city of Paterson, is a remedial statute, and will be liberally construed.

4. The act requiring the commissioners to assess the lands fronting on the improvement, to the extent of the special benefit received, and the balance on the city at large, is not unconstitutional.

5. If, by reason of irregularities in making contracts for the work, there are alleged overcharges, it will be assumed, in the absence of proof to show the contrary, that the commissioners have made allowance to the land owners where the total cost is divided between the city and the land owners.

On *certiorari.*

These writs of *certiorari* bring before this court for review certain proceedings and assessments for the grading, curbing, &c., of Paterson avenue, in the city of Paterson, from Front street to Chamberlain avenue, made by Daniel Haines, Theo-

dore Little and Stephen B. Ransom, commissioners appointed to examine, revise, alter and adjust unpaid assessments in said city, under an act approved April 9th, 1875. *Laws, p.* 639.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutors, *G. S. Hilton.*

For the defendants, *H. A. Williams.*

The opinion of the court was delivered by

SCUDDER, J. The reasons filed for setting aside this assessment relate to certain proceedings prior to the final assessment made by the commissioners appointed by the governor, and some objections made to the action of the commissioners in making their assessment.

The main reasons assigned under the first head are—(1) That the grading was done and altered without the consent of a majority of the property owners; (2) that the alteration was made without payment to the owners of buildings on that section of the avenue the damages thereby sustained; (3) that the grading was done without the two weeks' notice of intention in two newspapers, required by the charter; (4) that the ordinance was passed without like notice; (5) that the ordinance was not regularly passed; (6) that the ordinance was not duly certified; (7) that the ordinance was not passed by a two-thirds vote, as required for the expenditure of money; (8) that the ordinance was not published, as required, between the second and third reading; (9) nor published after passage of the ordinance; (10, 11, 12, 13) that the contract for the work was not given on sealed proposals, opened by the department of streets and sewers, in the presence of the department of finance and comptroller ; and that the rock cutting was not subjected to competing bidders, but done under ordinance fixing the price at $2.50 per cubic yard,

which ordinance has been held void by this court. *State,. Hampson, pros.*, v. *Paterson*, 7 *Vroom* 159.

These objections can all be considered and determined. together.

It is admitted, in behalf of the city of Paterson, that there have been irregularities in these proceedings, and it is also conceded that if the prosecutors had acted promptly, the defects are such that the grading and curbing of this avenue could have been stopped. But it is also contended that the prosecutors had actual notice of these improvements before they were made, and during their progress; that, with this knowledge, they permitted the work to go on to completion, and after the city had expended and actually paid the whole cost thereof, now refuse to pay their respective assessments, because of these preliminary defects. All the proofs in the case show that they had such notice, and there is no denial on their part. They were not in a position to be silent if the city was acting with a misapprehension of its right, and under color of authority given it by the charter to grade, pave and curb the streets. The first work done upon the land of each,. or affecting it, with their knowledge, was notice to them that the city authorities were there with a claim of right to make a public improvement, and if they neglected to make the proper inquiries, or to object with an assertion of their rights as land owners, until the work was done and paid for, such conduct is a waiver of all objections to the right to make such improvement. This has become the settled law in our state relating to such improvements. *State* v. *City of Paterson*, 7 *Vroom* 159; *State, Vanatta, pros.*, v. *Morristown*, 5. *Vroom* 445.

After such acquiescence in the acts of the city officers, and delay in enforcing their legal remedy, the objections that may be made by land owners affected by the improvements must relate only to the apportionment and amount of the assessment made upon them for the damages and benefits resulting. from such improvements.

These comprehend the remaining reasons for setting aside these assessments, and will be considered.

The difficulties in making and collecting the assessments for public improvements became so great, because of irregularities in the execution of the authority given to the city in the charter to make them, that an act of the legislature was passed April 9th, 1875, (*Laws, p.* 639,) entitled "An act to adjust unpaid assessments in the city of Paterson."

This act provides for the appointment of three discreet and impartial persons by the governor of this state, who shall constitute a board to examine, revise, alter and adjust, as therein provided, all unpaid assessments, whether theretofore set aside by order of any court of this state, or otherwise, within a period of seven years prior to the approval of the act, for street improvements theretofore made in the city of Paterson, and which are or may be disputed by any person or persons or corporations.

In the second section it is, among other things, enacted that "the act shall apply to all cases of street grading where grading has been done by the city, whether any assessment therefor has been yet made or not, and whether done by contract or otherwise."

This act is remedial, and should be construed liberally to effect its purpose, so far as may be done, preserving the constitutional rights of the persons to be affected by its provisions.

The commissioners who made the assessment in this case were appointed under this act, and it is objected by the prosecutors that there are defects in the statute, and in the manner of its execution.

The first objections made under this head are to the manner of apportionment of the assessment by the terms of the act. They require that the commissioners shall assess the amount to be assessed on the lots benefited by the improvement fronting on that part of the street in which the improvement was made, in proportion to the benefit received from such improvement; and if in any street the lots fronting on

that part of it in which the improvement shall have been made shall not have been benefited to the extent of the whole amount of cost to the city of Paterson, with interest, then said commissioners shall declare and report that the excess of such cost and interest over the amount they assess upon such lots shall be paid by the city of Paterson at large. It is said that it is unconstitutional to assess only on the frontage, without including other lands in the vicinity that may be benefited, and imposing the balance on the citizens at large. What particular provision of the constitution is violated is not stated.

There can be no doubt of the legislative authority to impose the whole cost of these improvements upon the city at large, and if any class of property owners are assessed only to the extent of the peculiar benefits they receive, they cannot complain because others, who they may think to be in some measure specially benefited, are not assessed with them. The class to be specially taxed for benefits in such cases is within the legislative discretion, and in street improvements is usually confined to the abutters.

It is further objected that the amount paid by the city for the improvements is not a proper measure for assessment upon land owners, for it may have been fixed, as it is charged was done in this case, by illegal methods of contracting the debt, without proposals and bids for the work. This would, in my opinion, be a valid objection to the assessment if the whole amount paid by the city were assessed on the property owners without regard to the reasonableness of the cost of improvement. But if the city has paid too much, it is not good reasoning that these land owners should, therefore, pay nothing for special benefits. In this case it appears that the total cost of the grading, &c., paid by the city, was $25,051.08, of which amount $12,571.72 are assessed against the abutting land owners; and the commissioners report that their lands are benefited to that amount, and that they have made the assessment in proportion to the benefits received, and not beyond such benefits. There is no proof to show that this ap-

portionment of the cost of improvement between the city and the land owners is excessive or unreasonable, and the report must stand as proof of its fairness until the contrary is shown. The statute was intended to give the power to the commissioners to adjust such questions between the city and the land owners, and they have, in this case, performed that duty by casting upon the city more than one half of the cost of such improvement. It is right to assume that they have put any excessive charge for the work upon the city.

· Other objections to the form of the report of the commissioners are mere technicalities without merits, and it is unnecessary to state the views of the court on each of the twenty eight reasons assigned for setting aside this assessment.

. The essential question is, have the prosecutors been assessed by these well chosen and highly respectable commissioners more than their lands have been specially benefited by this improvement? The opinions of witnesses have been given in opposition to the assessments made in the report, but these have been, in most cases, mere opinions that the lands were not benefited or but slightly improved, without stating the facts upon which such opinions are based. These can have but little weight with the court, and we prefer to take the judgment of the commissioners, who so far as can be seen, have made a fair and reasonable adjustment between the city and the owners of lands on the line of the improvement, after examining the premises, notifying the parties and hearing a number of witnesses.

The exception that one or more of the lots assessed do not front on Paterson avenue, is well taken if true, for by the terms of the act only lands fronting on the street shall be assessed. This should be ascertained and remitted, if there has been a mistake in describing the large number of lots included in the report; but the fact does not clearly appear in the evidence before us.

The assessment of the commissioners is affirmed, with costs.